UNITED STATES DISTRICT COURT  
WESTERN DISTRICT OF NEW YORK  
_____



DANIEL NII KWARTET QUARTEY,

       Plaintiff/Petitioner,

   v.

GEORGE P. HARVEY, ERIC HOLDER,  
JOSEPH E. FREDEN, D.H.S., F.O.D.,[1]

       Defendants/Respondents.  
_____

25-CV-65 (JLS)

### DECISION AND ORDER

*Pro se* Plaintiff/Petitioner Daniel Nii Kwartet Quartey, an immigration detainee at the Buffalo Federal Detention Facility ("BFDF"), filed a pleading that contains a form complaint for prisoner civil rights actions under 42 U.S.C. § 1983, Dkt. 1, at 1–8 (the "Complaint"), and a form petition for filing habeas corpus actions under 28 U.S.C. § 2254, *id.* at 9–15 (the "Petition"). Quartey has also filed a motion seeking to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Dkt. 2.

The Complaint is completely illegible, and the Court is unable to discern what Quartey is alleging or the nature of his claims. *Id.* at 1–7. Attached to the Complaint is a copy of a memorandum from Defendant/Respondent George P.

---

[1] The Clerk of Court is respectfully directed to amend the caption of this action (and the new action ordered to be opened below) as set forth herein. Quartey named "Mr. Fredent" as a Defendant/Respondent. Dkt. 1, at 1. The Court assumes Quartey intended to name Joseph E. Freden, Deputy Field Office Director and Administrator of the Buffalo Federal Detention Facility, as a Defendant/Respondent.

Harvey, BFDF's Assistant Field Office Director, dated November 27, 2024, outlining a new policy regarding detainee visitation and the exchange of documents between noncitizen detainees and non-legal representative visitors, and noncitizen detainees and legal representatives. *Id.* at 8. Whether Quartey is complaining about that new policy, and whether he is alleging a violation of his First Amendment right to access to the courts or visitation (or some other right), simply cannot be determined from the Complaint.

The Petition, while not wholly illegible like the Complaint, is submitted on a form intended for habeas petitions filed under 28 U.S.C. § 2254 (*i.e.*, habeas petitions challenging state court judgments of conviction) and appears to challenge Quartey's immigration detention at BFDF. Therefore, the Petition is construed as a petition brought under 28 U.S.C. § 2241. Dkt. 1, at 13–15.

Quartey alleges that he "was ordered deported . . . on [August 8,] 2024 via a final order of deportation[,]" that he has been detained for five months, and that his continued detention violates his due process rights because there is "no justification whatsoever for [his] continu[ed] detention." *Id.* at 13.

Because the Court believes that Quartey intended to file both a civil rights complaint regarding a violation of his constitutional rights based on BFDF's new visitation and exchange of documents policy, Dkt. 1, at 1–8, and a petition under 28 U.S.C. § 2241 challenging his continued detention at BFDF, Dkt. 1, at 9–15, it is hereby:

ORDERED that the Clerk of Court shall: (1) detach the Complaint portion of Quartey's pleading, Dkt. 1, at 1–8, and file it as a separate case; and (2) docket the motion to proceed *in forma pauperis*, Dkt. 2, in the new case and leave it docketed in this case; and it is further

ORDERED that Quartey is granted permission to proceed *in forma pauperis* in the new case and this case; and it is further

ORDERED that Quartey is directed to file an amended complaint in the new case within **45 days** of the date of this Decision and Order, and the amended complaint must comply with the "short and plain statement" rule of Rule 8 of the Federal Rules of Civil Procedure and set forth only the relevant *facts* supporting each claim against each Defendant. The Court needs to know *who* violated Quartey's federally or constitutionally protected rights; *how* the defendant or defendants violated those rights; *when* and *where* such violations occurred; *why* Quartey is entitled to relief; and *what type* of relief Quartey seeks (*e.g.*, money damages, injunctive relief, or declaratory relief). The amended complaint must also comply with Rule 10(b), which provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed R. Civ. P. 10(b). The amended complaint must be legible; and it is further

ORDERED that the Clerk of Court shall send to Quartey with this Decision and Order a copy of the Complaint and Petition, Dkt. 1, a copy of the docket sheet in

the new case, and a blank prisoner complaint form and the instructions for filing an amended complaint; and it further

ORDERED that if Quartey does not file an amended complaint in the new case within **45 days** of the date of this Decision and Order, the new case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) and without further order of the Court; and it is further

ORDERED that the Petition, Dkt. 1, at 8–15, is construed as one brought under 28 U.S.C. §2241; and it is further

ORDERED that within **45 days** of the date of this Decision and Order, Respondents shall file and serve an **answer** responding to the allegations in the Petition; and it is further

ORDERED that within **45 days** of the date of this Decision and Order, Respondents shall file and serve, in addition to the answer, a **memorandum of law** addressing each of the issues raised in the Petition and including citations to supporting authority and applicable sections of the Immigration and Nationality Act; and it is further

ORDERED that within **45 days** of the date of this Decision and Order, instead of an answer, Respondents may file a **motion to dismiss** the Petition, accompanied by appropriate exhibits demonstrating that an answer to the Petition is unnecessary; and it is further

ORDERED that Quartey shall have **25 days** after service of the answer or motion to dismiss to file a **written response**; and it is further

ORDERED that the Clerk of Court shall serve a copy of the Petition, together with a copy of this Decision and Order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov; and it is further

ORDERED that the Clerk of Court shall file this Decision and Order in the above captioned matter, as well as the new matter.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENTS.**

SO ORDERED.

Dated:   January 29, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE