UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

DANIEL NII KWARTET QUARTEY,

        Petitioner,

v.                                                                              25-CV-65 (JLS)

GEORGE P. HARVEY, PAMELA
BONDI, and JOSEPH E. FREDEN,
D.H.S., F.O.D.,

        Respondents.[1]

———————————————————

## DECISION AND ORDER

Petitioner Daniel Nii Kwartet Quartey, a dual national citizen of the United Kingdom and Ghana, commenced this habeas corpus proceeding under 28 U.S.C. § 2241, challenging his continued detention in the custody of the Department of Homeland Security ("DHS"). *See* Dkt. 1. For the below reasons, Quartey's petition is dismissed.

---

[1] Pamela Bondi is substituted for Eric Holder pursuant to Fed. R. Civ. P. 25(d). *See* Dkt. 12, at 1. F.O.D. also stands for "Field Office Director." *Id.* Joseph Freden is the Deputy Field Office Director at the Buffalo Federal Detention Facility. *Id.*

## BACKGROUND

Quartey used his United Kingdom passport to enter the United States through the Visa Waiver Program ("VWP").[2] Dkt. 12-1, at 2.[3] After his arrest, DHS took him into custody on August 7, 2024. *Id.*; Dkt. 14, at 2. Because he entered the United States under the VWP, DHS issued a Final Administrative Removal Order. Dkt. 12-1, at 2–3; Dkt. 12-2, at 5–6; Dkt. 14, at 16–18.

Quartey did not want to return to the United Kingdom, out of fear, so an asylum proceeding commenced. Dkt. 12-1, at 3. Quartey was then appointed a qualified representative to assist him, after an immigration judge found him mentally incompetent. *Id.* at 4.

Quartey's order of removal became administratively final on February 18, 2025, when he withdrew his application for asylum. Dkt. 12-3, at 2–3. He was scheduled for removal on March 13, 2025. Dkt. 12-1, at 5. But that removal was cancelled because Quartey appealed the immigration judge's competency order. *Id.* He remains in the custody of DHS at the Buffalo Federal Detention Facility in Batavia, New York, pending his removal from the United States. *Id.*

---

[2] Under the VWP, entrants may be removed without a full immigration removal proceeding. *See Vasconcelos v. Lynch*, 841 F.3d 114, 116 (2d Cir. 2016) ("The [VWP] allows eligible citizens and nationals of designated countries to visit the United States for up to ninety days without obtaining a visa, provided that they agree to waive any right to contest removal other than seeking asylum."). Quartey, thus, waived his right to contest his removability, except for a limited right to seek asylum or a court order staying the proceeding. *See* Dkt. 12-1, at 3; Dkt. 12-2, at 6; Dkt. 14, at 16.

[3] Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

Quartey commenced this proceeding on January 21, 2025. Dkt. 1. Respondents moved to dismiss on March 17, 2025. Dkt. 12. Quartey responded. Dkt. 14. Because Quartey's detention is lawful under section 1231, the petition must be dismissed.

## DISCUSSION

### I. Jurisdiction

Habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the immigration context, only circuit courts have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . , which circuit courts alone can consider."). District courts, however, can review claims by aliens challenging the constitutionality of their pre-removal detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003). Quartey asks the Court to review the length of his detention—a request that falls within this Court's limited jurisdiction over immigration matters.

### II. Quartey's Detention is Lawful under Section 1231

The Court concludes that 8 U.S.C. § 1231 governs Quartey's detention because: (1) he is subject to a final order of removal, and (2) has not obtained a stay of removal from the Second Circuit.

Section 1231 governs the detention of aliens during and after the removal period—in other words, those subject to final orders of removal. This period is derived from the statute, which allows DHS ninety days to effectuate removal from the United States following the entry of a final order of deportation or removal. *Id.* § 1231(a)(1)(A). The removal period begins at the latest of the following events:

    (i)    The date the order of removal becomes administratively final;

    (ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;

    (iii)    If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).

During the ninety-day removal period, detention is mandatory. *Id.* § 1231(a)(2). After this removal period is over, detention is discretionary; an alien may be detained beyond the removal period if, among other things, he or she is removable under certain provisions of 8 U.S.C. § 1227. *See id.* § 1231(a)(6).

Six months of detention is "presumptively reasonable" pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After six months, an alien may seek release by demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If he or she is able to do so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* The six-month presumption "does not mean that every alien not removed must be released after six months." *Id.* An

4

alien "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

When Quartey withdrew his asylum application on February 18, 2025, his order of removal became administratively final because he waived his other appeal rights, under the VWP, and he did not seek a court order to stay his removal. *See* 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(b); *Vasconcelos*, 841 F.3d at 116. The ninety-day removal period under the statute expires on May 19, 2025. Dkt. 12-3, at 4. The six-month "presumptively reasonable" period under *Zadvydas* expires on August 18, 2025. *Id.* Quartey has been detained—under Section 1231—for approximately three months. Thus, Quartey's petition is premature.

Lastly, even if Quartey already passed the six-month period, he appealed the immigration judge's competency order, which delayed his removal. *See* Dkt. 12-1, at 5. Of course, Quartey may pursue the full range of process provided to him. But "a self-inflicted wound should not establish grounds for [his] *Zadvydas* claim." *See Abimbola v. Ridge*, 181 F. App'x 97, 99 (2d Cir. 2006); *see also Portillo v. Decker*, No. 21 Civ. 9506 (PAE), 2022 WL 826941, at *5 (S.D.N.Y. Mar. 18, 2022) ("For obvious reasons, a noncitizen's use of the American judicial process, to the extent it delays removal, does not warrant release under *Zadvydas*.").

## CONCLUSION

For these reasons, Quartey's petition (Dkt. 1) is DISMISSED without prejudice. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated:   May 16, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE